UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>v.<br><br>KEEPER'S HOUSE INN, LLC, and<br>W. MARSHALL CHAPMAN, JR., personally and in his capacity as the Trustee under the W. MARSHALL CHAPMAN REVOCABLE LIVING TRUST<br><br>        Defendants. | Case No. |

**COMPLAINT**

<u>Mortgage Recorded</u>:
Knox County Registry of Deeds Book 4613, Page 34

<u>Property Addresses</u>:
Lighthouse Road, Isle au Haut, Knox County Maine and
3 Annis Hill Road, Isle au Haut, Knox County, Maine

NOW COMES the plaintiff, People's United Bank, National Association ("<u>Lender</u>" or "<u>Plaintiff</u>") by and through its undersigned counsel, and for its complaint against Keeper's House Inn, LLC and W. Marshall Chapman, Jr., personally, and in his capacity as trustee of the W. Marshall Chapman Revocable Living Trust (collectively "<u>Defendants</u>") states as follows.

**Parties**

1.      Lender is a national banking association chartered by the United States Comptroller of the Currency. Lender's main office, as designated in its articles of association, is in Bridgeport, Connecticut.

2.      Defendant Keeper's House Inn, LLC ("<u>Keeper's House</u>") is a Maine limited liability company with a principal place of business in the Town of Isle au Haut, Knox County, Maine. On information and belief, its sole member is W. Marshall Chapman, Jr. As a limited

1

liability company, Keeper's House has the same citizenship for diversity jurisdiction purposes as Mr. Chapman.

3. Defendant W. Marshall Chapman, Jr. ("Chapman") is an individual who is, on information and belief, domiciled in the Commonwealth of Kentucky.

4. Defendant Chapman is also named as a defendant in his capacity as the Trustee of the W. Marshall Chapman Revocable Living Trust (the "Trust").

5. On information and belief, none of the trustees or beneficiaries of the Trust are citizens of the State of Connecticut.

## Jurisdiction and Venue

6. The United States District Court for the District of Maine has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

7. Pursuant to 28 U.S.C. § 1348, the Lender is located in, and is therefore deemed to be a citizen of, the State of Connecticut.

8. Pursuant to 28 U.S.C. § 1332, the Defendants are citizens of the Commonwealth of Kentucky.

9. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(a).

10. This action is properly filed in Portland under D. Me. Local Rule 3(b) because this concerns the foreclosure of a mortgage against real property located in Knox County, Maine.

**Factual Allegations**

*A.     December 31, 2012 Mortgage Loan in the original principal amount of $1,076,250.00.*

11.     The Trust is the owner of certain real property located at or about 3 Annis Hill Road, Isle au Haut, Knox County, Maine pursuant to a Quitclaim Deed dated June 26, 2000 and recorded in the Knox County Registry of Deeds in Book 2493, Page 201 (the "Annis Hill Road Property.")

12.     On December 13, 2012, Mr. Chapman purchased certain commercial real property, known as the "Keeper's House Inn" located on Lighthouse Road, Isle au Haut, Knox County, Maine from Jeffrey Burke and Judith O. Burke, Trustees of the Burke Family Living Trust Dated May 1, 2012 pursuant to a Trustee's Deed recorded in the Knox County Registry of Deeds in Book 4613, Page 29 ("Lighthouse Road Property").

13.     To finance his purchase of the Lighthouse Road Property, Chapman entered into a commercial loan transaction with the Lender whereby Chapman borrowed the sum of $1,076,250.00 from the Lender (the "Term Loan").

14.     In connection with the Term Loan, Mr. Chapman, executed and delivered a promissory note dated December 13, 2012 payable to the order of the Lender in the principal amount of $1,076,250.00 (the "Term Note"). A true and correct copy of the Term Note is annexed hereto as Exhibit 1[1] and is incorporated herein by reference.

15.     Mr. Chapman, personally and as trustee of the Trust, granted a blanket Mortgage Deed to the Lender dated December 31, 2012 against the Annis Hill Road Property and the Lighthouse Road Property (the "Mortgage") to secure the Term Note and the "Indebtedness", as that term is defined in the Mortgage, in a total amount not to exceed $1,076,250.00. A true and

---

[1] The exhibits to the Complaint have been redacted as required by Fed. R. Civ. P. 5.2.

correct copy of the Mortgage is annexed hereto as Exhibit 2 and is incorporated herein by reference.

16. The Mortgage was recorded in the Knox County Registry of Deeds in Knox County Registry of Deeds Book 4613, Page 34 on December 31, 2012.

17. The Lighthouse Road Property and the Annis Hill Road Property are more particularly described on Schedule A to the Mortgage (*See* Exhibit 2).

18. As further security for the Term Note and the Indebtedness, Mr. Chapman, acting personally and as trustee of the Trust, executed and delivered an Assignment of Rents for the Lighthouse Road Property and the Annis Hill Road Property to the Lender dated December 31, 2012 ("Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit 3 and is incorporated herein by reference.

19. The Assignment was recorded in the Knox County Registry of Deeds on December 31, 2012 in Book 4613, Page 52.

20. On November 16, 2013, Mr. Chapman conveyed the Lighthouse Road Property, subject to the Lender's Mortgage, to Keeper's House pursuant to a Warranty Deed recorded on November 26, 2013 in Knox County Registry of Deeds Book 4749, Page 323.

21. On November 25, 2013, Keeper's House unconditionally and absolutely guaranteed Mr. Chapman's obligations to the Lender under the Term Note in consideration of the Lender's agreement to permit Mr. Chapman to transfer the title to the Lighthouse Road Property to Keeper's House. ("Keeper's House Guaranty"). A true and correct copy of the Keeper's House Guaranty is attached hereto as Exhibit 4 and is incorporated herein by reference.

22. The Defendants are in default pursuant to the Term Note, Mortgage and Keeper's House Guaranty because they have failed, *inter alia*, to make monthly payments under the Term Note for the months of December 2016, and January through March, 2017.

23. On April 18, 2017, the Lender provided notice of default to the Defendants and provided them with the opportunity to cure their default under the Term Note, Mortgage, Assignment and Keeper's House Inn Guaranty by May 1, 2017.

24. The Defendants failed to cure their default as demanded.

25. As a result of the Defendants' default, the Term Note is now immediately due and payable in full.

26. The Lender is the owner and holder, and is in possession of the Term Note.

27. The Lender is entitled to collect the debt evidenced by the Term Note.

28. As at June 8, 2017, Chapman and Keeper's House Inn owed the Lender $924,472.99 in principal, $20,751.34 in accrued interest, late fees of $1,674.60 and a prepayment penalty of $27,734.19 for a total of $974,633.12 pursuant to the Term Note and the Keeper's House Guaranty.

29. Interest continues to accrue under the Term Note at a fixed rate of 4.25% per annum after June 8, 2017.

30. The Lender is entitled to recover its attorneys' fees and collection costs in this action pursuant to the Term Note and the Mortgage.

**B.    *Business Loan Agreement and Promissory Note Dated April 13, 2013.***

31. On April 18, 2013, Keeper's House Inn entered into as Business Loan Agreement with the Lender for a $50,000 revolving business line of credit, and in connection therewith,

executed and delivered a promissory note payable to the order of the Lender with the ceiling amount of $50,000 ("2013 Note.")

32. A true and correct copy of the Business Loan Agreement is annexed hereto as Exhibit 5, and a true and correct copy of the 2013 Note is attached hereto as Exhibit 6.

33. Chapman personally guaranteed Keeper's House's obligations pursuant to the 2013 Note pursuant to a Commercial Guaranty dated April 18, 2013 ("Chapman Guaranty"). A true and correct copy of the Chapman Guaranty is attached hereto as Exhibit 7.

34. On April 18, 2016, Keeper's House and the Lender entered into an Amendment Agreement whereby the Lender agreed, *inter alia*, to amend the interest rate under the 2013 Note to a fixed rate of 5.50% per annum, and to require monthly payments of principal and interest.

35. A true and correct copy of the Amendment Agreement is attached hereto as Exhibit 8 and is incorporated herein by reference (The term "Amended 2013 Note" as used hereafter shall mean the 2013 Note as amended by the Amendment Agreement).

36. The Amended 2013 Note is payable on demand.

37. The Lender is the owner and holder, and is in possession of, the Amended 2013 Note.

38. The Lender is entitled to collect the debt evidenced by the Amended 2013 Note.

39. The Lender has demanded payment in full of the Amended 2013 Note and hereby repeats its demand.

40. As at June 8, 2017, Keeper's House Inn and Mr. Chapman owed the Lender the sums of $39,592.21 in principal, and $127.02 in interest pursuant to the Amended 2013 Note and the Chapman Guaranty.

41. Default interest, under the Amended 2013 Note is set at 10.5% per annum, which includes the fixed interest rate of 5.50% per annum, plus a "Default Rate Margin", as that term is defined in the 2013 Note, of an additional 5% per annum.

42. The Lender is entitled to recover its attorneys' fees and collection costs in this action pursuant to the Amended 2013 Note and the Mortgage.

43. Attached hereto as <u>Exhibit 9</u> is a certification of the Lender regarding ownership of the Mortgage, the Term Note and the Amended 2013 Note, and certifying that 14 M.R.S. § 6111 is not applicable to the Mortgage because it does not secure a loan for personal, family or household use.

## Count I
## Action on Promissory Note
## (Term Note)

44. Plaintiff restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

45. The Lender is the owner and the holder of the Term Note and is entitled to enforce it against Mr. Chapman.

46. Mr. Chapman is in default pursuant to the Term Note.

47. The Lender has demanded payment of all amounts due pursuant to the Term Note, but Chapman has failed to pay the amounts due and owing to the Lender.

48. The Lender is entitled to recover its attorneys' fees and costs of collection from Mr. Chapman under the Term Note.

WHEREFORE, the Lender prays for the entry of Judgment against Defendant Chapman in the amount of $924,472.99 in principal, $20,751.34 in accrued interest as at June 8, 2017, additional per diem interest at 4.25% per annum, late fees of $1,674.60, a prepayment penalty of

$27,734.19 for a total of $ 974,633.12 pursuant to the Term Note, costs, pre judgment interest of 4.25% per annum, and post judgment interest and attorneys' fees.

## Count II
## Action on Guaranty
## (Keeper's House Guaranty)

49. Plaintiff restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

50. Keeper's House is jointly and severally liable to the Lender for the Term Note pursuant to the Keeper's House Guaranty.

WHEREFORE, the Lender prays for the entry of Judgment against Defendant Keeper's House pursuant to the Keeper's House Guaranty in the amount of $924,472.99 in principal, $20,751.34 in accrued interest as at June 8, 2017, additional per diem interest of 4.25% per annum after June 8, 2017, late fees of $1,674.60, a prepayment penalty of $27,734.19 for a total of $974,633.12 pursuant to the Term Note and the Keeper's House Guaranty, plus costs, pre judgment interest of 4.25% per annum, post judgment interest and attorneys' fees.

## Count III
## Action on Promissory Note
## (Amended 2013 Note)

51. Plaintiff restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

52. The Lender is the owner and the holder of the Amended 2013 Note and is entitled to enforce it against Keeper's House.

53. The Amended 2013 Note is payable on demand.

54. The Lender has demanded payment, and hereby repeats its demand, of the Amended 2013 Note, but Keeper's House has failed pay the amounts due and owing thereon.

55. The Lender is entitled to recover its attorneys' fees and costs of collection against Keeper's House under the Amended 2013 Note.

WHEREFORE, the Plaintiff prays for a Judgment against Defendant Keeper's House pursuant to the Amended 2013 Note in the amounts of $39,592.21 in principal, $127.02 in interest through June 8, 2017, additional interest accruing after June 8, 2017 at 10.5% per annum, costs, pre judgment interest of 10.5% per annum, post judgment interest, and attorneys' fees.

## Count IV
## Action on Guaranty
## (Chapman Guaranty)

56. Plaintiff restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

57. Mr. Chapman is jointly and severally liable with Keeper's House to the Lender for the Amended 2013 Note pursuant to the Chapman Guaranty.

WHEREFORE, the Plaintiff prays for a Judgment against Defendant Chapman pursuant to the Amended 2013 Note and the Chapman Guaranty in the amounts of $39,592.21 in principal, $127.02 in interest through June 8, 2017, additional interest accruing after June 8, 2017 at 10.5% per annum, costs, pre-judgment interest of 10.5% per annum, post judgment interest, and attorneys' fees.

## Count V
## Foreclosure of Mortgage by Civil Action
## (Lighthouse Road Property)

58. The Lender restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

59. Keeper's House is the owner of the real property described in Schedule A to Exhibit 2 under the heading "Lighthouse Road Property."

60. The Lender is owner of the Mortgage, and is the party entitled to enforce the Mortgage.

61. The Lender has not assigned the Mortgage to a third party.

62. Mr. Chapman is in default pursuant to the Term Note and Keeper's House is in default pursuant the Keeper's House Inn Guaranty.

63. Keeper's House is in default pursuant to the 2013 Note, and Mr. Chapman is in default pursuant to the Chapman Guaranty.

64. The Mortgage secures all "Indebtedness" owed by Mr. Chapman to the Lender, *inter alia,* pursuant to the Term Note, and by virtue of the cross-collateralization clause in the Mortgage, the Mortgage also secures the amounts owed to the Lender under the Amended 2013 Note and the Chapman Guaranty.

65. Mr. Chapman's default pursuant to the Term Note and the Chapman Guaranty are defaults under the Mortgage, and therefore are breaches of the condition of the Mortgage.

66. Mr. Chapman has an interest in the Lighthouse Road Property by virtue of a Junior/Subordinate Assignment of Leases and Rents recorded in Knox County Registry of Deeds Book 4749, Page 325.

67. The Lender does not seek to foreclose the interests of the holders of any "public utility easements", as that term is defined by 14 M.R.S. § 6321, that may encumber the Lighthouse Road Property.

68. In order to protect its security interest, the Lender likely will be further compelled during the pendency of this action to advance payments for tax, insurance premiums, and other charges affecting the Lighthouse Road Property, or some part thereof, and Lender requests that

any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Lighthouse Road Property.

**WHEREFORE**, the Plaintiff prays that this Court:

A. Determine that there has been a breach in the condition of the Mortgage; and

B. Enter an order and judgment that forever bars and forecloses all rights, claims, liens, and the mortgagor's and mortgagor's successors and assigns' equity of redemption in the Lighthouse Road Property; and

C. Enter an order and judgment setting the priority of the parties and amounts due to such parties claiming an interest in the Lighthouse Road Property; and

D. Enter judgment in favor of the Plaintiff and against Mr. Chapman and Keeper's House in the amount of $974,633.12, plus accruing interest, protective advances made by the Lender, if any, costs, and attorneys' fees due under the Mortgage, Term Note and the Keeper's House Inn Guaranty, and determine that said amounts are secured by the Mortgage against the Lighthouse Road Property; and

E. Enter judgment in favor of the Plaintiff and against Mr. Chapman and Keeper's House in the amount of $39,719.23 plus accruing interest, protective advances made by the Lender, if any, costs, and attorneys' fees due under the Mortgage, Term Note and the Keeper's House Inn Guaranty, and determine that said amounts are secured by the Mortgage against the Lighthouse Road Property; and

F. Determine the order of priority of liens and encumbrances against the Lighthouse Road Property as set forth above; and

G. Issue a Judgment of Foreclosure and Order of Sale of the Lighthouse Road Property in conformity with 14 M.R.S. §§ 6321 – 6324;

H. Order exclusive possession of the Lighthouse Road Property to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption;

I. Issue a writ of execution against the Defendants for any deficiency provided that the statutory requirements have been met;

J. Grant the Plaintiff any and all relief authorized by 14 M.R.S. §§ 6321 to 6324; and

K. Grant the Plaintiff such other and further relief as the Court may determine to be just and proper.

## Count VI
## Foreclosure of Mortgage by Civil Action
## (Annis Hill Road Property)

69. The Lender restates and realleges the previous paragraphs of the Complaint as if set forth fully herein.

70. The Trust is the owner of the real property described in Schedule A to Exhibit 2 under the heading "3 Annis Road Property."

71. The Lender is owner of the Mortgage, and is the party entitled to enforce the Mortgage.

72. The Lender has not assigned the Mortgage to a third party.

73. Mr. Chapman is in default pursuant to the Term Note and Keeper's House is in default pursuant the Keeper's House Inn Guaranty.

74. Keeper's House is in default pursuant to the 2013 Note, and Mr. Chapman is in default pursuant to the Chapman Guaranty.

75. The Mortgage secures all "Indebtedness" owed by Mr. Chapman to the Lender, *inter alia,* pursuant to the Term Note, and by virtue of the cross-collateralization clause in the Mortgage, the Mortgage also secures the amounts owed to the Lender under the Amended 2013 Note and the Chapman Guaranty.

76. Mr. Chapman's default pursuant to the Term Note and the Chapman Guaranty are defaults under the Mortgage, and therefore are breaches of the condition of the Mortgage by the Trust.

77. The Lender does not seek to foreclose the interests of the holders of any "public utility easements", as that term is defined by 14 M.R.S. § 6321, that may encumber the Annis Hill Road Property.

78. In order to protect its security interest, the Lender likely will be further compelled during the pendency of this action to advance payments for tax, insurance premiums, and other charges affecting the Annis Hill Road Property, or some part thereof, and Lender requests that any such sum or sums to be paid be added to the Term Note and deemed secured by the Mortgage and be further deemed a valid lien on the Annis Hill Road Property.

79. The Lender holds a junior Mortgage Deed against the Annis Hill Road Property dated December 28, 2012 and recorded on January 25, 2013, in the Knox County Registry of Deeds in Book 4622, Page 6 securing the maximum principal amount of $345,000 ("Junior Mortgage").

80. The Junior Mortgage is not currently in default, however, upon the sale of the Annis Hill Road Property, the Lender asks this Court to treat it as a party-in-interest to receive a distribution from the sale proceeds, prior to a distribution of surplus proceeds to the Trust in accordance with the priority of the Junior Mortgage.

**WHEREFORE**, the Plaintiff prays that this Court:

A. Determine that there has been a breach in the condition of the Mortgage; and

B. Enter an order and judgment that forever bars and forecloses all rights, claims, liens, and the mortgagor's and mortgagor's successors and assigns' equity of redemption in the Annis Hill Road Property; and

C. Enter an order and judgment setting the priority of the parties and amounts due to such parties claiming an interest in the Annis Hill Road Property; and

D. Enter judgment in favor of the Plaintiff and against Mr. Chapman and Keeper's House in the amount of $974,633.12, plus accruing interest, protective advances made by the Lender, if any, costs, and attorneys' fees due under the Mortgage, Term Note and the Keeper's House Inn Guaranty, and determine that said amounts are secured by the Mortgage against the Annis Hill Road Property; and

E. Enter judgment in favor of the Plaintiff and against Mr. Chapman and Keeper's House in the amount of $39,719.23 plus accruing interest, protective advances made by the Lender, if any, costs, and attorneys' fees due under the Mortgage, Term Note and the Keeper's House Inn Guaranty, and determine that said amounts are secured by the Mortgage against the Annis Hill Road Property; and

      F.      Determine the order of priority of liens and encumbrances against the Annis Hill Road Property as set forth above; and

      G.      Issue a Judgment of Foreclosure and Order of Sale of the Annis Hill Road Property in conformity with 14 M.R.S. §§ 6321 – 6324;

      H.      Order exclusive possession of the Annis Hill Road Property to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption;

      I.      Issue a writ of execution against the Defendants for any deficiency provided that the statutory requirements have been met;

      J.      Grant the Plaintiff any and all relief authorized by 14 M.R.S. §§ 6321 to 6324; and

      K.      Grant the Plaintiff such other and further relief as the Court may determine to be just and proper.

Dated at Portland, Maine this 19th day of June 2017

                                              */s/ Aaron P. Burns*  
                                              Aaron P. Burns  
                                              Attorney for Plaintiff People's United Bank,  
                                              National Association

                                              Pearce & Dow, LLC  
                                              Two Monument Sq. Ste 901  
                                              P.O. Box 108  
                                              Portland, ME 04112-0108  
                                              (207) 822-9900  
                                              aburns@pearcedow.com